IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01473-LTB

TED ROBERT JONES,

    Plaintiff,

v.

DELTA COUNTY SHERIFF'S OFFICE, Combined Courts, and
MESA COUNTY SHERIFF'S OFFICE, Combined Courts,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 5 2011

GREGORY C. LANGHAM
CLERK

---

### ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Ted Robert Jones, filed *pro se* on October 18, 2011, a letter to the Court (Doc. #12) asking the Court to reopen a number of cases including the instant action. The Court must construe the letter liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Court will construe the letter as a motion to reconsider. For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, a motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Because Mr. Jones' motion to reconsider was filed more than twenty-eight days after the Judgment was entered in this

action on July 28, 2011, that motion properly is asserted pursuant to Fed. R. Civ. P. 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed after ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 60(b) motion). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Mr. Jones initiated this action by filing document titled "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and or Change of Plea to Not Guilty," which consisted of the first page of the Court's form *in forma pauperis* motion and various attachments including a factual narrative labeled "Complaint Summary." On June 15, 2011, Mr. Jones was ordered to cure certain deficiencies if he wished to pursue his claims. Specifically, Mr. Jones was ordered to file on the proper forms a Complaint as well as a completed, signed, and properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On June 24, 2011, the copy of the June 15 order that was mailed to Mr. Jones at the address he provided was returned to the Court undelivered. On July 28, 2011, the Court entered an order dismissing the instant action without prejudice because Mr. Jones had failed to cure the deficiencies as directed. The Court noted that Mr. Jones also had failed to comply with the Court's local rules by failing to file a notice of change of address.

Mr. Jones now asks the Court to reopen this action because state and local government officials have committed crimes and violated his constitutional rights and the order dismissing this action "did not consider my legal evidence proving the State of

Colorado and United States Federal Government should move forward with civil, criminal and class actions against them individually." (Doc. #12 at 1.)

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Jones fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Jones is correct that the Court has not considered any evidence. However, the reason the Court did not consider any evidence is because Mr. Jones did not file a proper pleading or correct the other deficiencies he was ordered to cure. Therefore, the motion to reconsider will be denied. Mr. Jones is reminded, however, that the Court dismissed the instant action without prejudice and that, if he wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the letter to the Court (Doc. #12) filed on October 18, 2011, which the Court has construed as a motion to reconsider, is DENIED.

DATED at Denver, Colorado, this __25th__ day of ___October___, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01473-BNB

Ted Robert Jones
PO Box 27673
Denver, CO 80227

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 25, 2011.

                                 GREGORY C. LANGHAM, CLERK

                              By: _____
                                            Deputy Clerk